UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ANDREW VIERLING § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:18-cv-00450 |
| § | |
| E. I. DUPONT DE NEMOURS § | |
| AND COMPANY § | |
| § | |
| Defendant. § | |

# COMPLAINT

Plaintiff, Andrew Vierling, hereby alleges:

## INTRODUCTION

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or "the Act"), 29 U.S.C. § 1001, *et seq*. Plaintiff seeks to obtain benefits denied him under an "employee benefit plan" provided by DuPont and covered by ERISA. Plaintiff's action for benefits arises under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the "appropriate equitable relief" provision. An egregious pattern of faulty communications and misrepresentations made by DuPont and its agents are the basis of Plaintiff's claim for equitable relief.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(l) of ERISA, 29 U.S.C. § 1132(e)(l), and 28 U.S.C. § 1331.

3. This court has personal jurisdiction over Defendant because the defendant company transacts business in and has significant contacts with this District, and because ERISA provides for nationwide service of process, ERISA § 502(e)(2), 29 U.S.C.§ 1132(e)(2).

4. Venue is proper in the Eastern District of Texas pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

5. The DuPont Pension and Retirement Plan, Title 1 ("the Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is, therefore, subject to the coverage of the Act pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a).

## THE PARTIES

6. Plaintiff, Andrew Vierling, is a resident of Shallowater, Lubbock County, Texas. His mother, Linda Land, worked for DuPont for 37 years. She retired on May 14, 2010. She died on January 25, 2011. Ms. Land received pension benefit payments under the DuPont Pension and Retirement Plan for only two months, December 2010 and January 2011. DuPont has denied Plaintiffs claim for benefits as the sole beneficiary designated by his mother under the Plan.

7. Defendant, E. I. du Pont de Nemours and Company ("DuPont"), is headquartered in Wilmington, Delaware. DuPont may be served with process at 1007 Market Street, Wilmington, Delaware 19898, as Plan Administrator.

## SUBSTANTIVE ALLEGATIONS

8. Mr. Vierling first requested benefits under the Plan by letter dated March 27, 2013. His undersigned attorney exchanged several letters with DuPont Connection requesting benefits on behalf of Mr. Vierling. The Benefit Determination Review Team of DuPont Connection treated the last such letter, dated February 6, 2014, as a Level 1 Appeal of the denial of benefits. By letter dated March 20, 2014, the Benefit Determination Review Team denied the appeal. According to that letter, Ms. Land did not select a pension plan option that would provide benefits after her death to Mr. Vierling. DuPont reached the same conclusion in denying Mr. Vierling's Level 2 Appeal.

9. Ms. Land spent her entire adult life – 37 years – working for DuPont. She retired on May 14, 2010. Ms. Land received pension benefits from DuPont for only two months, December 2010 and January 2011. Ms. Land died at age 58 on January 25, 2011. She had designated her son, Andrew Vierling, to receive Company-Paid Survivor Benefits under the DuPont Retirement and Pension Plan following her death. DuPont has refused benefits to Mr. Vierling stating that the Income Leveling Option selected by his mother does not provide Company-Paid Survivor Benefits for an adult son.

10. Misleading and faulty communications from DuPont are responsible for Ms. Land's choice of a pension plan option under which Mr. Vierling could never receive benefits. Ms. Land made her choice of pension and survivor benefits on the Plan's online site, *Your Benefits Resources*, on November 10, 2010. The first selection on the site was the designation of her beneficiary: "ANDREW VIERLING; Relationship – Child; Birth Date 08-20-1982." The birth date on its face indicated that Mr. Vierling was age 28 when the choice was made, not a minor child.

11. Ms. Land next selected the Pension Benefit With Income Leveling from ten options as her chosen form of payment. That option showed the amount of monthly payments to Ms. Land before and after age 62. It also included a Company-Paid Survivor Benefit of $1,599.00 monthly "**To Your Beneficiary.**" The computerized selection process gave no indication that the beneficiary designated by Ms. Land was not eligible for that benefit. Instead, the screen instructed: "Choose the form of payment you want to receive on 12-01-2010. Then choose **Continue**."[1]

---

[1] All uses of **Bold Type** are also bold in the original document.

12. Ms. Land moved on to make choices in sections entitled "Change Your Income Tax Withholding" and "Choose Where to Receive Your Payment." The final screen stated in bold type and large font: **Completed Successfully!** Beneath that pronouncement was the statement, "You've successfully completed your **Pension Choices** online." Ms. Land had no reason to believe that her designation of Mr. Vierling as beneficiary was in error or pointless.

13. The next step in the benefit selection process was the mailing of a confirmation statement and authorization form to Ms. Land. Neither of those documents stated in plain English that Ms. Land's designated beneficiary would not receive benefits following her death. Whether those forms were generated by a computer program or an individual, their language relating to choice of beneficiary did not communicate any sort of problem to Ms. Land.

14. The Pension Election Authorization Form sent to Ms. Land to sign contained the following statement: "The Company-Paid Survivor Benefit will pay $1,599.00 per month to my beneficiary upon my death." DuPont Connection never informed Ms. Land that Mr. Vierling was not within the class of beneficiaries eligible to receive the Company-Paid Survivor Benefit: a spouse, minor child or parent/step-parent.

15. Rather than informing Ms. Land of the improper designation, DuPont Connection sent her a Pension Election Authorization Form to sign. Although the form did not identify Ms. Land's designated beneficiary, it included the following statement: "The Company-Paid Survivor Benefit will pay $1,599.00 per month to my beneficiary upon my death." Neither the form, nor any communication from DuPont Connection, informed Ms. Land that her beneficiary designation was invalid. Thus, the form was misleading and a faulty communication.

16. The Pension Election Authorization Form briefly addressed invalid beneficiary designations without disclosing any problem with Ms. Land's designation: "If a valid designation does not exist at the time of my death, the designation will be defaulted." A lay person in Ms. Land's circumstances could not be expected to know what was meant by defaulting the designation. Moreover, the language was wholly uninstructive to Ms. Land because it focused on the time of her death and gave her no reason to believe that the designation she had already made online was invalid.

17. The Pension Election Confirmation Form continued the pattern of faulty communications to Ms. Land. The confirmation page stated that Ms. Land had chosen the Pension Benefit with Income Leveling. The confirmation page continued:

> Pension Payment Options:   Company-Paid Survivor Benefit
>
> Payable to Your Beneficiary: $1,599.00 per month
>
> Beneficiary:   Your beneficiary for the Company-Paid Survivor Benefit has been defaulted based on plan rules.

18. The statement that Ms. Land's beneficiary "has been defaulted based on plan rules," is both innocuous and unintelligible to the ordinary employee. DuPont Connection could easily have informed Ms. Land in straightforward language before she signed the forms that her designated beneficiary would receive no benefits upon her death. It would have been simple for *Your Benefits Resources* to be programmed *to stop* Ms. Land the moment she selected the Income Leveling Option, because her designated beneficiary could receive no benefits under that method of payment. Instead, the computer program *instructed Ms. Land to continue* and after several more screens informed her that she had *successfully completed her pension choices online*.

19. With full knowledge of an invalid or ineffective beneficiary designation, DuPont Connection did not disclose that information to Ms. Land. DuPont Connection's silence was misleading to Ms. Land. Moreover, DuPont Connection's poorly worded and misleading forms reinforced her reasonable belief and expectation that Mr. Vierling would receive $1,599.00 per month following her death.

## CLAIM FOR RELIEF

20. Plaintiff re-alleges and incorporates herein all prior allegations of the Complaint.

21. Plaintiff has exhausted his administrative remedies.

## STATUTORY BASIS OF CLAIM

22. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) permits a plan beneficiary to bring a civil action for appropriate equitable relief. In the present case, DuPont denied Mr. Vierling's claim for benefits because he was not in the class of beneficiaries entitled to "Company-Paid Survivor Benefits" under the "Pension Benefit With Income Leveling" plan selected by Ms. Land. DuPont engaged in an egregious pattern of faulty and misleading communications and misrepresentations to Ms. Land. Such conduct led directly to Ms. Land's selection that paired her chosen beneficiary with a plan that did not entitle him to benefits.

23. DuPont is responsible for the online system and written communications that led Ms. Land to make a meaningless retirement plan choice. DuPont had actual knowledge of the fact that Ms. Land's designated beneficiary would never receive death benefits. DuPont failed to provide information to Ms. Land that would have enabled her – from the first screen of her online session – to choose a plan that would actually provide benefits to Mr. Vierling. In later written communications, DuPont misrepresented to Ms. Land in several instances that her designated beneficiary would receive survivor benefits.

24. Obfuscation was he hallmark of DuPont's communications. DuPont used words in written communications that failed to inform Ms. Land of the conflict between her designated beneficiary and chosen benefits plan. Instead, DuPont obscured the problem by stating that Ms. Land's choice of beneficiary would be "defaulted" if she made an invalid designation. DuPont never informed Ms. Land in plain language that her beneficiary designation *was* invalid.

25. DuPont's misleading statements on the one hand, and silence on the other, deprived Ms. Land of the opportunity to make valid choices before signing her Pension Election Authorization Form. It is not overblown to state the Ms. Land went to her grave not knowing that her son would never receive survivor benefits.. DuPont could have communicated that to Ms. Land in a single sentence. DuPont could have provided that information to Ms. Land in a simple phone call. Instead, DuPont, after its incorrect, faulty and misleading communications, did nothing.

26. The harm caused by DuPont's actions and inaction can only be remedied by equitable relief.

## ERISA-ESTOPPEL

27. Equitable estoppel was once considered primarily an affirmative defense. In ERISA cases, estoppel is a separate theory of recovery, its own cause of action. ERISA-estoppel operates to make employees whole for inaccurate or misleading information about the benefits they earn.

28. The prerequisites for applying ERIA-estoppel are satisfied in the present case. Plaintiff is required to establish (1) a material misrepresentation, (2) reasonable and detrimental reliance upon the misrepresentation, and (3) extraordinary circumstances.

29. <u>Material Misrepresentations</u>. DuPont made not one but numerous misrepresentations about the availability of Company-Paid Survivor Benefits under the plan

chosen by Ms. Land, beginning with the statement on *Your Benefits Resources*, "You have successfully completed your **Pension Choices** online." The gist of the misrepresentations was that Ms. Land's designated beneficiary would receive survivor benefits under the plan she selected. That was not true.

30. <u>Detrimental Reliance</u>. Ms. Land reasonably relied upon DuPont's misrepresentations made through its various agents. It is entirely reasonable for employees to rely upon information from their employer and plan administrator concerning their retirement benefits. In fact, it would be unreasonable to rely upon such information from any other source. The detriment to Ms. Land was that her intended beneficiary could not and did not receive survivor benefits after her death. Due to DuPont's silence and misleading statements, Ms. Land had no opportunity to select another plan that would permit benefits to be paid to Mr. Vierling.

31. <u>Extraordinary Circumstances</u>. It is truly extraordinary that a 37-year DuPont employee would receive only two months of retirement benefits and her designated beneficiary would receive none. DuPont caused that to happen. During Ms. Land's lifetime, DuPont never communicated that her inconsistent retirement selections would provide no benefits to her designated beneficiary. Instead, DuPont misrepresented that the plan chosen by Ms. Land would provide survivor benefits.

## STANDARD OF REVIEW

32. "Because the application of ERISA-estoppel is a legal theory rather than an interpretation of the Plan's terms, it should be reviewed *de novo*." *Mello v. Sarah Lee Corp.*, 431 F.3d 440, 444 (5th Cir. 2005). Plaintiff asserted and briefed his estoppel claim in his Level 2 appeal, but DuPont did not consider it.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. Judgment reforming Ms. Land's signed Pension Election Authorization Form to elect a benefits plan with a survivor benefit applicable to her son. Reforming the pension election made by Ms. Land would do equity by effectuating her intention that survivor benefits be paid to Mr. Vierling. Reformation of the Benefits Election Authorization Form would not require the Plan to make payments not authorized under the Plan. Nor would it alter any provision of the Plan.

2. Judgment in favor of Plaintiff, Andrew Vierling, against DuPont for monthly survivor benefits of $1,599.00 that he would have received under the "Pension Benefit With Income Leveling" chosen as the method of payment by Ms. Land.

3. Alternatively, Judgment in favor of Plaintiff, Andrew Vierling, against DuPont for monthly payments of $1,223.00, the survivor benefit that he would have been paid if Ms. Land had chosen the 30% Joint and Survivor benefit, the method of payment most analogous to the Pension Benefit With Incoming Leveling, with the added feature of paying a survivor benefit without regard to the beneficiary's age.

4. Judgment of an offset of $2,173 in favor of DuPont against Mr. Vierling for each month in which Ms. Land received pension benefits. That amount is the difference between monthly payments made to Ms. Land under the Pension Benefit With Income Leveling and payments she would have received under the 30% Joint and Survivor Benefit.'

5. Judgment that any amount awarded to Mr. Vierling be made retroactive to the month following his mother's death.

6. Judgment in favor of Plaintiff, Andrew Vierling, against DuPont for attorney's fees and court costs.

7. Judgment in favor of Plaintiff, Andrew Vierling, against DuPont for prejudgment and post-judgment interest.

6. Judgment awarding other equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

David L. Tolin, Sr.
Texas Bar No. 20106300
TOLIN LAW FIRM
505 West Lucas, Suite 200
Beaumont, Texas 77706
(409) 896-2792
(281) 254-7944 *fax*
dtolin@tolinlawfirm.com

*Attorney for Plaintiff*